[L.A. No. 27606.    In Bank.    Jan. 30, 1964.]

CONRAD D. ROSEMONT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; CHARLES TURNER et al., Real Parties in Interest.

Kindel & Anderson, Ernest J. Zack, Malcolm George Smith and Bruce W. Sumner for Petitioner.

No appearance for Respondent.

McCutchen, Black, Harnagel & Shea, G. William Shea and William W. Schwarzer for Real Parties in Interest.

TRAYNOR, J.—Petitioner seeks a writ of prohibition or other appropriate writ to prevent respondent court from en-

forcing a discovery order in an action brought by petitioner as plaintiff against defendants, the real parties in interest herein.

In October 1960 plaintiff brought an action for damages against defendant Charles Turner for the breach of an oral contract alleged to have been entered into in 1957, reaffirmed in 1959, and breached on and after July 1, 1960. He also sought damages from other defendants for inducing breach of the contract and an accounting by all defendants. Through new counsel plaintiff filed an amended complaint in August 1962. The parties agreed that plaintiff's deposition should be taken commencing on October 1. He appeared and testified for five days. On October 2 the parties stipulated that defendant Turner's deposition should be taken on October 24. On October 5 defendants moved for an order pursuant to Code of Civil Procedure, section 2031 to require plaintiff to produce recordings he had made of conversations with Turner, other defendants, and employees of other defendants. In the event their motion for production should be denied, defendants moved in the alternative for a protective order pursuant to subdivision (b)(1) of section 2019 of the Code of Civil Procedure to stay the taking of Turner's deposition pending application for a writ of mandate to require granting of their motion to produce. In response plaintiff filed a motion for a protective order to require Turner and the other witnesses to give their depositions before he produced the recordings he had of conversations with them.

On October 15 the trial court stayed the taking of Turner's deposition pending its ruling on the motions before it. On December 7 the trial court entered an order in which it stated that defendants' description of the matters sought to be inspected was inadequate and that on the record before it, defendants' motion should be denied. It ruled, however, that "in the interest of conserving the court's time in disposing of the matter and in order to avoid the necessity for additional discovery proceedings and further motions, it is or- granting of their motion to produce. In response plaintiff will serve and file his own affidavit or declaration, identify- ing factually and particularly as to dates and parties pre- sent, all recordings of (a) conversations between plaintiff and any defendant or an employee of any defendant, and (b) of any statements by any defendant, whether or not persons other than plaintiff were present at the time of or participated in the conversation or heard the statement. ...

Upon the filing of such affidavit or declaration the court will determine defendant's pending motion for an order for inspection and plaintiff's pending motion for a protective order.'' In response to this order, plaintiff filed a declaration listing by parties and dates 39 conversations he had recorded. Most of these conversations were between plaintiff and Turner, but some were between plaintiff and other defendants or employees of other defendants. They occurred from September 8, 1960, to October 31, 1960.

On January 16, 1963, the trial court filed its memorandum and order setting forth its reasons for concluding that before plaintiff could take the depositions of the parties to the respective conversations, defendants were entitled to inspect and transcribe the recordings. On March 27, 1963, the court entered its order setting forth in detail how its decision of January 16 should be carried out.

On May 15, 1963 plaintiff filed a petition for a writ of prohibition or other appropriate writ in the District Court of Appeal, Second Appellate District, and on June 12, 1963 Division 1 of that court issued an alternative writ of prohibition. Thereafter it filed its decision granting a peremptory writ, and this court then granted defendants' petition for hearing.

Since the District Court of Appeal issued an alternative writ and the case has been fully briefed on the merits, no purpose would be served by reconsidering the question whether the trial court's order was an appropriate one for review by extraordinary writ. (See *Waters* v. *Superior Court*, 58 Cal.2d 885, 890 [27 Cal.Rptr. 153, 377 P.2d 265]; *Oceanside Union School Dist.* v. *Superior Court*, 58 Cal.2d 180, 185, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439]; *Hagan* v. *Superior Court*, 53 Cal.2d 498, 501-502 [2 Cal.Rptr. 288, 348 P.2d 896].) The lengthy history of this litigation, however, demonstrates the need for caution in granting interim review. of discovery orders, lest the basic purpose of pretrial discovery to expedite litigation be thwarted. (*Hagan* v. *Superior Court*, 57 Cal.2d 767, 770 [22 Cal.Rptr. 206, 371 P.2d 982].)

In the present case there is no dispute over plaintiff's right to take the depositions of Turner and other defendants and defense witnesses before trial. There is no dispute over defendants' right to secure production of the recorded conversations before trial. The only dispute is over the timing of these discovery procedures.

Plaintiff contends that the trial court did not have

jurisdiction to condition his right to take depositions on his prior production of the recordings, and that even if it had jurisdiction to enter the order it did, it abused its discretion in doing so.

Subdivision (b) (1) of section 2019,* which is made applicable by reference to section 2031, expressly authorizes the trial court for good cause to regulate the timing of the taking of depositions and to make any "order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." Both sides invoked the jurisdiction of the court to act under these provisions. Defendants sought production of the recordings before the date set for Turner's deposition or in the alternative a protective order to allow time to apply for an extraordinary writ. Plaintiff sought a protective order to delay production until after the depositions were taken.

▆▆ Plaintiff contends, however, that the trial court had power only to grant or deny the motions before it; that it did not have power pending its decision on the motions to stay the taking of Turner's deposition or to order plaintiff to identify the recordings. The Legislature did not expressly empower a trial court to stay the taking of a deposition pending its decision on a motion for a protective order until it amended section 2019 in 1963. ▆▆ Even before the amendment, however, when a stay was necessary to enable the court properly to exercise its jurisdiction to rule on a

---

*At the time the trial court entered its order, subdivision (b) (1) of section 2019 provided: "After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated time or place other than stated in the notice, or that it shall not be taken except by allowing written interrogatories by one or more parties, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs and expenses, including attorney's fees, as the court may deem reasonable."

motion for a protective order, it had inherent power to grant a stay pending its decision. (Code Civ. Proc., § 187.) Moreover, since permitting the taking of Turner's deposition to proceed would deny defendants an effective ruling on the timing of the respective discovery proceedings, the trial court could reasonably conclude that the denial of a stay would in itself constitute "annoyance, embarrassment, or oppression," which it is expressly empowered to prevent. Thereafter, when the court determined that it required more information, it did not abuse its discretion in ordering the plaintiff to provide the necessary identifying date known to him so that it could pass on the issue before it without setting the matter at large for the making of additional needless motions and countermotions.

Plaintiff contends that the trial court's power to supervise discovery proceedings does not include the power to alter the timing of such proceedings that would normally follow from the steps taken by each side to secure discovery against the other. He asserts that had the time not been altered, he would have been able to take Turner's deposition before defendants could have cured their defective motion to produce and gained access to the recordings.

There is nothing in the statutes, however, that prohibits the trial court from altering the normal timing of discovery in the exercise of its broad discretionary powers. Of course it should not do so without good reason. Since discovery proceedings can seldom if ever be conducted simultaneously, it is inherent in such proceedings that the party who secures discovery first may derive advantages by securing information from his adversary before he is required to reciprocate by divulging information to him. Parties should be encouraged to expedite discovery and should not needlessly be deprived of the advantages that normally flow from prompt action. Accordingly, the existence of such advantages alone will ordinarily not constitute good cause for changing the normal timing of discovery or justify a conclusion that such timing will result in "annoyance, embarrassment, or oppression."

In the present case, however, plaintiff is not seeking merely the advantages that would flow from the normal timing of discovery. He is seeking the advantages that would flow from his being able to refresh his recollection from the recordings before giving his deposition while denying to Turner and the other parties to those conversations equal

opportunity to refresh their recollections before giving their depositions. We held in *Dowell* v. *Superior Court*, 47 Cal.2d 483, 488 [304 P.2d 1009], that a similar attempt to make one-sided use of a prior statement of a party was obviously inequitable. It is true that the *Dowell* case dealt with discovery before trial rather than discovery before giving a deposition, but since depositions may be introduced at trial against the party giving them (Code Civ. Proc., § 2016, subd. (d)), the considerations of fairness underlying the *Dowell* case apply here.

Although the trial court was not required to make findings (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 384 [15 Cal.Rptr. 90, 364 P.2d 266]), it reviewed the record and the contentions of the parties in a carefully reasoned memorandum opinion. ▆▆▆ Although defendants' delay in seeking production of the records after they learned of them and their inadequate description of them in the motion to produce would have justified the trial court's permitting plaintiff to proceed with Turner's deposition before production, plaintiff's own delay in prosecuting the action and fairness between the parties fully justified the trial court's exercising its discretion as it did. (*Chalco-California Corp.* v. *Superior Court,* 59 Cal. 2d 883, 888 [31 Cal.Rptr. 593, 382 P.2d 865].)

The alternative writ is discharged and the peremptory writ is denied.

Gibson, C. J., Peters, J., Tobriner, J., and Peek, J., concurred.

McCOMB, J.—I dissent. I would issue the writ of prohibition requested, prohibiting respondent court from giving effect to its order of March 27, 1963, insofar as it requires production of the recordings prior to the completion and signing of the deposition of defendant Charles Turner, for the reasons expressed by the District Court of Appeal in *Rosemont* v. *Superior Court* (Cal.App.) 33 Cal.Rptr. 455.

Schauer, J., concurred.

Petitioner's application for a rehearing was denied February 26, 1964. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.