[Civ. No. 28389.   Second Dist., Div. One.   Aug. 27, 1964.]

ROBERT J. POESCHL, Petitioner, v. THE SUPERIOR COURT OF VENTURA COUNTY, Respondent; DAVID L. FAIR, Real Party in Interest.

H. F. Rosenmund for Petitioner.

No appearance for Respondent.

Heily & Blase and Edward L. Lascher for Real Party in Interest.

THE COURT.—Petitioner seeks a writ of mandate to compel the Superior Court of Ventura County, Oxnard Branch, to grant his motion for an order directing the real party in interest to produce certain tape recordings for his inspection.

The real party in interest, David L. Fair, is the plaintiff in a pending action for damages for alleged breach of an employment contract. Petitioner and Robert J. Poeschl Ford, Inc., are defendants. The taking of the depositions of petitioner and the real party in interest were separately noticed for April 27, 1964. By both priority of notice and by stipulation of counsel, the taking of the deposition of petitioner was first in order. On April 21, 1964, petitioner noticed a motion for an order directing the real party in interest to produce all recordings taken or possessed by him of conversations between himself and petitioner or any employee or agent of petitioner relating to his employment or discharge by petitioner.

In support of the motion, petitioner filed declarations of his counsel and another individual. The declaration of counsel stated: He was informed that the real party in interest had stated that he had made recordings of conversations relating to the subject matter in litigation; the taking of depositions had been scheduled as stated above; petitioner should be entitled to refresh his recollection from any recordings possessed by the real party prior to the taking of his deposition. The declaration of the individual states: He is an employee of Robert J. Poeschl, Inc.; during the employment of the real party in interest by said firm, the real party indicated to him that he had recorded certain conversations and statements by and between himself and agents and employees of the firm.

The motion was denied after hearing on April 30. The

present petition alleges that the court orally indicated that petitioner could not succeed in the motion in view of the stipulation of his counsel that his deposition precede that of the real party in interest. The taking of depositions was continued until May 16. In the interim, petitioner moved to be released from the stipulation and for an order that he take the deposition of the real party in interest before giving his own to the extent of inquiring into the facts and circumstances in respect to the tape recordings. He moved, in the alternative, for an order requiring the production of the recordings for his inspection. An additional declaration of his counsel was submitted in support thereof. It states: On April 21, 1964, he received information that the real party in interest had a recording device and very likely had recorded conversations between himself and petitioner; he immediately filed notice of motion to produce recordings or, alternatively, for stay of the taking of petitioner's deposition; on April 30, in a hearing in chambers, counsel for the real party in interest admitted, in the presence of the court, that his client possessed tapes wherein conversations of petitioner were recorded, but declined to state more specifically the exact nature of the tapes, the date of taking, by whom the tapes were taken or between whom the conversations were held.

On May 11, after oral argument, the court granted petitioner's motion to be relieved of the stipulation, but denied the motions for production or priority in the order of taking depositions, "Poeschl's [petitioner's] having been noticed first and Fair's [real party's] second." The taking of depositions was stayed pending application to this court for a writ of mandate.

Petitioner contends that the trial court abused its discretion in refusing to allow discovery of the recordings prior to the taking of his deposition. It appears that there is no dispute over the right of the real party in interest to take the deposition of petitioner.

In *Rosemont* v. *Superior Court*, 60 Cal.2d 709 [36 Cal. Rptr. 439, 388 P.2d 671], the court considered the propriety of a discovery order permitting defendants to inspect and transcribe certain recordings prior to the taking of their depositions which, by stipulation, had been scheduled before they moved for production of the recordings. The order was affirmed. The court said (p. 713): "Subdivision (b) (1) of [Code of Civil Procedure] section 2019, which is made applicable by reference to section 2031, expressly authorizes

the trial court for good cause to regulate the timing of the taking of depositions and to make any 'order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression.' " ■ And at pages 714-715: "There is nothing in the statutes, however, that prohibits the trial court from altering the normal timing of discovery in the exercise of its broad discretionary powers. Of course it should not do so without good reason. Since discovery proceedings can seldom if ever be conducted simultaneously, it is inherent in such proceedings that the party who secures discovery first may derive advantages by securing information from his adversary before he is required to reciprocate by divulging information to him. Parties should be encouraged to expedite discovery and should not needlessly be deprived of the advantages that normally flow from prompt action. Accordingly, the existence of such advantages alone will ordinarily not constitute good cause for changing the normal timing of discovery or justify a conclusion that such timing will result in 'annoyance, embarrassment, or oppression.'

"In the present case, however, plaintiff is not seeking merely the advantages that would flow from the normal timing of discovery. He is seeking the advantages that would flow from his being able to refresh his recollection from the recordings before giving his deposition while denying to Turner and the other parties to those conversations equal opportunity to refresh their recollections before giving their depositions. We held in *Dowell* v. *Superior Court,* 47 Cal.2d 483, 488 [304 P.2d 1009], that a similar attempt to make one-sided use of a prior statement of a party was obviously inequitable. It is true that the *Dowell* case dealt with discovery before trial rather than discovery before giving a deposition, but since depositions may be introduced at trial against the party giving them (Code Civ. Proc., § 2016, subd. (d)), the considerations of fairness underlying the *Dowell* case apply here."

We think that the foregoing statements are equally applicable in the present instance in respect to the recordings sought to be produced which contain statements or conversations of the petitioner himself but not to those of his employees or agents.

In the cited case, the court also noted (p. 715) that defendants' delay in seeking production of the recordings after they learned of them and their inadequate description of them in the motion to produce might have justified the trial court's permitting plaintiff to proceed with a defendant's deposition before production. In the record before us we

see no justification for allowing the real party in interest to proceed with petitioner's deposition before the production of recordings of his conversations or statements. There is no evidence of delay by petitioner and it is apparent that the real party in interest was informed as to the particular recordings sought.

Any record which indicates failure to give adequate consideration to the legal concepts involved on a request for discovery is subject to the attack of abuse of discretion.

Discretion is not exercised merely by denying or granting the request of a party. "To predicate appellate review on the hypothesis that such an exercise of discretion may not be disturbed, is to overlook the purpose of the discovery statutes." (*Greyhound Corp.* v. *Superior Court*, 56 Cal.2d 355, 382-384 [15 Cal.Rptr. 90, 364 P.2d 266].)

Let a peremptory writ of mandate issue directing the respondent court to issue its order that the real party in interest produce before taking the deposition of petitioner those recordings taken or possessed by him of conversations between the real party and petitioner relating to his employment or discharge by petitioner.