[Civ. No. 44556. First Dist., Div. Three. Feb. 21, 1979.]

CAROL J. FLYNN, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
ARTHUR J. MOLINI, Real Party in Interest.

492

**COUNSEL**

David J. Friedenberg for Petitioner.

No appearance for Respondent.

Molinari, Casalnuovo & Berger and Joseph L. Casalnuovo for Real Party in Interest.

**OPINION**

**FEINBERG, J.**—This petition for a writ of prohibition challenges a trial court's order imposing sanctions of $344.18 for failure of petitioner and witnesses to appear for depositions scheduled and noticed for March 23, 1978, and March 28, 1978.

On July 10, 1978, petitioner filed his petition in this court, seeking to enjoin enforcement of the court's order imposing sanctions against petitioner. The petition was denied by this court without hearing. Thereafter, the Supreme Court granted a hearing and transferred the matter to this court with directions to issue the alternative writ of prohibition. These proceedings have resulted.

Petitioner is the plaintiff in an action for specific performance of a land sale agreement. Before real party, defendant in that action, appeared, he noticed and scheduled petitioner's deposition for March 23, 1978, and the deposition of witness Rose Blodgett for March 28, 1978. Petitioner noticed and scheduled real party's deposition for March 30, 1978.

On March 21, 1978, petitioner prepared a motion to quash the taking of the deposition of petitioner and Blodgett. Petitioner based his motion on the ground that the real party had not appeared in the action or paid an appearance fee. On March 23, 1978, Judge Capaccioli granted petitioner's ex parte application for a stay of the depositions pending a hearing on March 31, 1978, on the motion to quash. This had the practical effect of reversing the order of depositions. On March 22, 1978, petitioner's counsel, somehow anticipating the ruling, phoned defense counsel to inform him that the stay would issue and that he would therefore not attend the deposition.

On March 29, 1978, real party noticed a motion for sanctions and a protective order, seeking to protect the initial order of depositions. Real party also obtained an order shortening time so that this motion could be heard at the same time as the motion to quash the depositions.

At the hearing on March 31, 1978, the trial court concluded that the stay of the depositions had been improvidently granted. Real party represented that he had incurred expenses totaling $221.68 for subpoenaing Rose Blodgett, scheduling a court reporter for both depositions, and obtaining and serving the order shortening time for the hearing on the motion for a protective order and sanctions. Real party also claimed attorney's fees of $400. Petitioner objected to the award of sanctions for three reasons: (1) since the real party had been informed of the stay, he should not have brought in the court reporter; (2) real party should not have obtained an order shortening time since, had he been asked, petitioner would have agreed to the shortened time without the need for an order; and (3) petitioner insured Rose Blodgett's presence at a subsequent deposition, removing the necessity for resubpoenaing her.

The trial court concluded that sanctions should be given as requested except that (1) the cost of resubpoenaing Rose Blodgett would not be awarded, and (2) that attorney's fees of $150 would be given instead of the $400 requested. On June 27, 1978, the court issued a protective order requiring precedence be given to the Flynn and Blodgett depositions over the depositions of real party, thereby reinstating the initial order of depositions.

Code of Civil Procedure section 2034, subdivision (d)[1] authorizes sanctions for willfully failing to appear at a noticed deposition. Speaking of those sanctions in *Welgoss* v. *End* (1967) 252 Cal.App.2d 982, 992 [61 Cal.Rptr. 52], the court, quoting *Caryl Richards, Inc.* v. *Superior Court* (1961) 188 Cal.App.2d 300, 303-304 [10 Cal.Rptr. 377], stated: " 'The sanctions the court may impose are such as are suitable and necessary to enable the party seeking discovery to obtain the objects of the discovery he seeks but the court may *not impose sanctions* which are designed not to accomplish the objects of the discovery but *to impose punishment.*' " (Italics added.)

Here, the court's protective order, not challenged by the petitioner, insured that discovery would proceed in the proper manner, petitioner being required to submit to discovery before he could complete his later-noticed deposition of real party. The issue raised here is whether the court's further order of sanctions against petitioner was justified.

Neither petitioner, in his motion to quash the depositions, nor the trial court, in its order granting sanctions, mentioned the statutory authority for such action. However, it seems apparent that the motion to quash the depositions was within the broad reach of "good cause" referred to in section 2019, subdivision (b)(1). That subdivision provides that for good cause shown, the court may order that a deposition shall not be taken or will be taken only under certain conditions "or the court may make any other order which justice requires to protect the party or witness . . . . In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs and expenses, including attorney's fees, as the court may deem reasonable."

Though the statute does not specifically authorize the trial court to issue a stay pending determination of the motion, such authority has been found in the general provisions of section 187 granting authority to adopt "any suitable process or mode of proceeding" to achieve the objects of the code. (See *Rosemont* v. *Superior Court* (1964) 60 Cal.2d 709, 713-714 [36 Cal.Rptr. 439, 388 P.2d 671].)

Real party asserts that because of this baseless stay, he was required to move for a protective order to preserve the priority of the depositions. He contends that the sanctions awarded were justified by the facts.

---

[1]Hereafter, all section references are to the Code of Civil Procedure unless otherwise indicated.

However ill-conceived or poorly presented the motion to quash was, it seems clear that petitioner could not properly be penalized for the fact that the trial court granted the stay. Petitioner did not perpetrate a fraud upon the court in obtaining the stay. He fairly presented his position that the depositions could not be taken before defendant answered or paid appearance fees.

■ The stay having been effectively entered, and that fact having been communicated to real party prior to the time set for depositions, petitioner did not fail to appear for a properly scheduled deposition. Thus sanctions, if justified at all, could not be upheld under the authority of section 2034, subdivision (d), limited as it is to the situation in which a party *willfully* fails to submit to proper discovery.

■ If justified, the sanctions must be authorized by section 2019, subdivision (b)(1). No case has been cited or found discussing the specific issue of the trial court's discretion in imposing expenses it "may deem reasonable" upon one or the other party to a motion for a protective order under section 2019, subdivision (b)(1). However, if the party seeking a protective order does so for purposes of harassment or delay, the court in refusing the order may award costs and expenses in favor of the prevailing party. The difficulty in applying that principle here is that the trial court specifically stated that it did not "question the fact that [petitioner presented · his motion] in good faith." Thus, in order to tax petitioner for the expenses caused by his motion, the court must have adopted a principle that it is within the court's discretion to tax costs and expenses against a party bringing a good faith, but unsuccessful, motion for a protective order.

Interpreting the facts most favorably to the trial court award, the justification for granting costs and attorney's fees to real party upon successful motion for a protective order was that petitioner's actions had caused him to require such a protective order. On March 3, 1978, real party noticed the deposition of petitioner for March 16, 1978. By letter of March 8, 1978, that deposition was postponed to March 23, 1978. On March 14, 1978, Rose Blodgett was subpoenaed to appear at a deposition set for March 28, 1978. On March 10, 1978, petitioner served notice of a deposition of real party scheduled for March 30, 1978.

Though having been informed as early as March 3, 1978, that real party sought to depose petitioner, petitioner waited until March 21, 1978, two days before his deposition, to execute documents seeking a stay of his

deposition and to quash the deposition entirely. While seeking a hearing on the motion for March 30, 1978, the documents did not reveal that petitioner had scheduled real party's deposition for that day and that a stay of the depositions noticed by real party and not the deposition petitioner had scheduled would result in an inversion of the order of depositions.

The stay obtained by petitioner placed real party in need of a protective order to prevent a reversal of the deposition schedule. The need for such protective order could have been avoided either by petitioner's voluntary continuance of real party's deposition or by an earlier hearing date for petitioner's motion. But the trial court was not advised of the facts which would have revealed to it the position in which real party was being placed. All of petitioner's actions led inevitably to real party's motion for a protective order, which order has not been challenged by petitioner. Thus, petitioner's position is limited to claiming that he should not be required to bear the expenses of a motion his actions required real party to file, or lose priority of depositions.

The trial court's finding of good faith on the part of petitioner should not prevent it from, at the same time, taxing costs against him for a motion his actions required real party to file. Even if he acted in good faith, he failed to take steps he easily could have taken to avoid the need for real party's motion. Under the peculiar facts of this case, the trial court was within its discretion in taxing petitioner with costs and expenses associated with real party's motion for a protective order. Having said that, however, the trial court's order must be examined to determine if the costs awarded were reasonably related to the motion for a protective order.

The costs were specifically identified below as: $35.46 for the court reporter for Rose Blodgett's deposition; $36.97 for the court reporter for petitioner's deposition; $121.75 for the process server to obtain and serve the order shortening time for hearing on real party's motion for a protective order; and $150 for attorney's fees. The first two were clearly not expenses incident to the motion for protective order. They were incurred in the erroneous belief that the court's stay was somehow ineffective and that what occurred on the date of each deposition should be recorded. The trial court abused its discretion in deeming those expenses, which resulted from real party's patently unreasonable belief, were "reasonable" expenses of the motion for protective order.

Petitioner raised a question below concerning whether an order shortening time was required at all, in light of his willingness to agree to shortened time without an order. The trial court might reasonably have accepted petitioner's position, but it did not. It did not abuse its discretion in concluding that real party acted reasonably in seeking something more definite than a possible agreement by counsel. Nor did it abuse its discretion in awarding $150 in attorney's fees, petitioner having presented no evidence that those fees were not incurred.

In summary, the bulk of the award of costs and attorney's fees was justified under the authority of section 2019, subdivision (b)(1) as incident to real party's proper motion for a protective order. As for the reporters' fees, however, the trial court abused its discretion in awarding them against petitioner.

Accordingly, as to the award of attorney's fees and process server costs, the petition is denied; as to the award of the reporter's two fees, the petition is granted. Let peremptory writ of prohibition issue, preventing the trial court from enforcing that part of its order awarding compensation for reporters' fees paid by real party.

White, P. J., and Halvonik, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 26, 1979.