Filed 1/25/24  Ora v. The Grand Sherman Oaks CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SCOTT DOUGLAS ORA, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> THE GRAND SHERMAN OAKS, LLC et al., <br><br> Defendants and Respondents. | B324622 <br><br> (Los Angeles County Super. Ct. No. 18STCV02815) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Affirmed.

Scott Douglas Ora, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Lann G. McIntyre, Tracy D. Forbath and Steven G. Gatley for Defendants and Respondents.

_____

## MEMORANDUM OPINION[1]

Plaintiff Scott Douglas Ora appeals the trial court's entry of summary judgment against him. Ora's sole contention is that the trial court failed to find good cause to hear the summary judgment motion less than 30 days before trial as required by Code of Civil Procedure section 437c, subdivision (a)(3) (section 437c(a)(3)).[2]

The court denied an initial summary judgment motion by The Grand Sherman Oaks, LLC and Alliance Communities, Inc. (collectively Defendants) without prejudice due to service errors. At a hearing on the record with all parties present, the court impliedly found good cause under section 437c(a)(3) by stating it would permit Defendants to re-file their motion for summary judgment and set it for hearing on a date the court then specifically calendared more than 80 days in the future, but less than 30 days before trial.

We disagree with Ora's formalistic argument that we must reverse because the trial court did not specifically use the words "good cause" when finding it appropriate to set the hearing for less than 30 days before trial and affirm the judgment.

---

[1] Pursuant to California Standards of Judicial Administration, section 8.1(1), we address this matter by memorandum opinion. Accordingly, we discuss only those facts and procedural history necessary to our resolution.

[2] All unspecified statutory references are to the Code of Civil Procedure.

# PROCEDURAL BACKGROUND

In October 2018, Ora filed a complaint asserting claims related to Defendants' alleged failure to accommodate his disability during renovations of an apartment building in which Ora resided.

On March 3, 2022, Defendants filed a motion for summary judgment and set it for hearing on May 19, 2022. At the time Defendants filed this motion, trial was set to begin July 11, 2022. Due to a typographical error in the service address, a hard copy of the motion was not delivered to Ora until March 10, 2022. Ora objected that service was untimely, and asserted he was not obligated to oppose the motion on the merits because of the untimely service. At the May 19, 2022 hearing, the trial court agreed that service was defective. Given Defendants' service flub, however, the court continued the summary judgment hearing to June 28, 2022. It also gave Ora until June 10, 2022, to file an opposition to the summary judgment motion.

The May 19, 2022 hearing was not transcribed, and the parties disagreed over whether the court required Defendants to re-serve the summary judgment motion in advance of the June 28, 2022 hearing date. Defendants understood Ora acknowledged receipt of the motion at the May 19, 2022 hearing, such that Defendants did not need to re-serve him, and served a notice of ruling to that effect. This meshed with the court's decision to continue the hearing to June 28, 2022, and give Ora until June 10, 2022 to oppose the motion; if the court ordered Ora be re-served on May 19, 2022, those dates made no sense because they did not come close to providing the mandatory 75-day notice period required by section 437c, subdivision (a)(2).

3

Ora, on the other hand, understood the court ordered that Defendants re-serve him with the summary judgment motion. The court's minute order from the May 19, 2022 hearing corroborated Ora's understanding, as it stated, "Defendants are to re-serve the [m]otion on [Ora] at the correct address and with sufficient time to comply with the mandatory statutory notice requirement." We further observe that this portion of the May 19, 2022 minute order (as opposed to the filing and hearing dates it actually set) complied with our decision in *Robinson v. Woods* (2008) 168 Cal.App.4th 1258. In *Robinson*, we held that where a moving party notices a summary judgment hearing in less than the statutorily required time, the 75-day notice period must begin anew; the court cannot cure the defect by continuing the hearing some lesser amount of time. (*Id.* at p. 1268; see generally Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2020) ¶¶ 10:80.5-10.80.6, p. 10-34.)

On June 10, 2022, in accord with the court's order, Ora filed an opposition on the merits to the summary judgment motion. Ora's opposition also asserted Defendants had failed to comply with the statutory notice requirements. On June 20, 2022, Ora filed an objection to Defendants' notice of ruling and averred he was never re-served with Defendants' summary judgment motion as the court had ordered.

On June 21, 2022, the court continued the trial date from July 11, 2022 to October 3, 2022.

On June 28, 2022, the court heard the motion for summary judgment. Prior to the hearing, the court issued a tentative ruling denying the motion without prejudice because Defendants had not re-served Ora. At the hearing, unpersuaded by

4

Defendants' argument that Ora waived any objection to improper notice by filing an opposition on the merits, the trial court affirmed its tentative ruling and denied the summary judgment motion without prejudice.

At the conclusion of the June 28, 2022 hearing, Defendants asked for an opportunity to re-file their summary judgment motion given the service-related issues. After being reminded that it had continued the trial date to October 3, 2022, the court agreed to "hear [the summary judgment motion] within 30 days of trial, but you need to get it on file right away." Defendants agreed to do so. Ora argued the motion still needed "to be submitted with adequate time based on the statutory period . . . [w]hich is 75 days and 30 days." The court stated it was not shortening the 75-day notice but was going to "let [the motion] be heard within 30 days before trial." The court then set the summary judgment hearing for September 22, 2022, explaining to Ora that the date was more than 80 days in the future. Ora initially objected this was incorrect, but then apologized for having miscounted the number of days until the hearing. Ora did not argue there was no good cause to set the hearing within 30 days of trial or that the court failed to adequately articulate such good cause when setting the summary judgment hearing.

Defendants filed and served their summary judgment motion by overnight delivery the following day, June 29, 2022. The motion was substantively identical to the one Defendants previously filed, and which Ora had previously opposed on the merits. On August 5, 2022, the court on its own motion continued the summary judgment hearing from September 22, 2022 to September 27, 2022.

On September 2, 2022, Ora filed an objection contending the summary judgment motion was procedurally improper because the court had not found good cause to hear the motion within 30 days of trial. Ora filed no opposition on the merits.

Before the September 27, 2022 hearing, the trial court issued an initial tentative ruling denying the summary judgment motion because it did not believe Defendants had obtained an order of good cause to hear the motion less than 30 days from the trial date. It then revised that tentative before the hearing to grant the summary judgment motion, recalling that "on June 28, 2022, the [c]ourt did find good cause for the current [m]otion date," and that Ora had failed to oppose the motion on any other grounds including failing to file an opposing separate statement.

On September 27, 2022, after hearing argument from the parties, the court adopted the revised tentative as its final ruling and granted Defendants' summary judgment motion. With regard to Ora's argument that the court had not found good cause to hear the motion less than 30 days before the trial date, the ruling stated that "on June 28, 2022, the [c]ourt did find good cause for the current [m]otion date and did so before the [m]otion was noticed. While the [c]ourt did not specifically use the words 'good cause[,'] this was the ultimate finding as the [c]ourt stated, 'I'll let you hear it within 30 days of trial . . . . Thus, the notice of [m]otion is not invalid."

Ora timely appealed following entry of judgment.

## DISCUSSION

Ora does not assert the court erred in refusing to continue the September 27, 2022 hearing for him to file a substantive opposition once it overruled his procedural objection. Nor does he contend no good cause in fact existed for hearing the summary

judgment motion less than 30 days before trial.  Ora's sole appellate claim is that the court failed to make the required finding of good cause under section 437c(a)(3).

We review whether the trial court sufficiently found "good cause" under section 437c(a)(3) for abuse of discretion.  (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 717.)  "We approach a summary judgment appeal, as with any appeal, with the presumption the appealed judgment is correct."  (*Aton Center, Inc. v. United Healthcare Ins. Co.* (2023) 93 Cal.App.5th 1214, 1230.)  Because we presume the judgment is correct, " ' "all intendments and presumptions are indulged in favor of its correctness." [Citation.]' [Citation.]"  (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2023) 94 Cal.App.5th 764, 776-777.)  "Therefore, ' " '[o]n review of a summary judgment, the appellant has the burden of showing error, even if he did not bear the burden in the trial court.' " ' [Citation.]" (*Aton Center, Inc.*, *supra*, at p. 1230.)

We reject Ora's contention that the trial court's failure to specifically use the words "good cause" when setting the summary judgment hearing meant it failed to comply with section 437c(a)(3).  "Good cause" means a legally sufficient reason for the court's scheduling order and not an obligatory phrase that, unless uttered by the court, mandates reversal.  As our Supreme Court has noted in another context, "The concept of good cause should not be enshrined in legal formalism; it calls for a factual exposition of a reasonable ground for the sought order. The good cause may be equated to a good reason for a party's failure to perform that specific requirement," here, the default rule that a summary judgment hearing must occur more than 30

days before trial, "from which [it] seeks to be excused." (*Waters v. Superior Court* (1962) 58 Cal.2d 885, 893.)

A finding of good cause under section 437c(a)(3) need not be express; it can be implied. (*Armato v. Baden* (1999) 71 Cal.App.4th 885, 899.) " ' "[I]n determining the meaning of 'good cause' in a particular context, the courts utilize common sense based upon the totality of the circumstances," which "include[s] the purpose of the underlying statutory scheme." ' [Citation.]" (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 527.) Summary judgment "is not a disfavored remedy. [Citation.] To the contrary, summary judgment motions commonly benefit all sides, no matter who wins: the process of summary judgment is more economical than trial, and the ruling usually gives the parties helpful information about the true value of the case, which can facilitate settlement." (*Coast Hematology-Oncology Associates Medical Group, Inc. v. Long Beach Memorial Medical Center* (2020) 58 Cal.App.5th 748, 753.)

The trial court was aware that it could not set the summary judgment hearing for less than 30 days before trial without good cause. " 'It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory . . . law in the exercise of its official duties.' [Citation.]" (*Keep Our Mountains Quiet v. County of Santa Clara* (2015) 236 Cal.App.4th 714, 741.) We likewise deem Ora and Defendants to have known applicable procedural rules such as section 437c(a)(3). (E.g., *ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 208.) Even without such presumptions, the record amply demonstrates both the court and the parties understood section 437c(a)(3)'s requirements. Ora pointed out to the trial court the code requirements regarding the hearing date.

8

The court then found it appropriate to set the hearing date more than 75 days in the future, but less than 30 days before trial. In doing so, it impliedly found good cause for setting that hearing date because there was no way for the court to have set such a date unless it believed there was good cause to do so.[3]

We reject Ora's claim that he had no opportunity to object to the court's good cause finding. Ora was present when Defendants made the scheduling request. Ora's statements at that scheduling hearing make clear he was aware that absent good cause, the court could not set the hearing for less than 30 days before trial. Given this, when the court indicated its intention to set the hearing less than 30 days before trial because of the typographical error that led to Defendants' summary judgment motion not yet being heard on the merits, Ora was aware the court believed good cause existed for granting that scheduling request. Ora did initially object the hearing was not at least 75 days in the future. He did not object to the hearing date's proximity to the trial date or argue a lack of good cause after the court indicated it was going to set the hearing for late

_____

[3] Ora also argues section 437c, subdivision (g) required the court to prepare either a written order or record its good cause determination by court reporter. That subdivision requires the recordation of certain determinations by court reporter or written order when a court grants or denies summary judgment. (*Ibid*.) Assuming without deciding that Ora is correct we should import this requirement to an unrelated subdivision of section 437c, a court reporter transcribed the proceeding at which the court ordered the summary judgment hearing set for hearing less than 30 days before trial.

September 2022 despite having the opportunity to do so before the hearing concluded.

Ora articulates no facts suggesting there was no good cause for the court's scheduling order. Nor does the record demonstrate the court abused its discretion in finding good cause to set the summary judgment hearing when it ultimately did. Ora received Defendants' summary judgment motion back in March 2022. Due to a typographical error in Ora's service address, the summary judgment motion was denied without prejudice. When the motion was denied, there was still more than 75 days before trial for the court to hear the motion. Defendants had been seeking a summary judgment hearing since March 2022 and had yet to have one on the merits before any trial began. Ora articulated no prejudice to the trial court (or in his opening brief) from the setting of the date less than 30 days before trial.[4] The

---

[4] Ora's reply brief does assert prejudice, but "[w]e do not consider arguments raised for the first time in a reply brief." (*Committee to Relocate Marilyn v. City of Palm Springs* (2023) 88 Cal.App.5th 607, 636 fn. 8.) Considering such arguments is particularly inappropriate here not only because Ora waiting until his reply brief deprived Defendants of an ability to respond. Ora never articulated any alleged prejudice to the trial court when it specially set the summary judgment hearing, and the court thus had no opportunity to consider Ora's claims. Even if we considered Ora's tardy claims of prejudice, we find them unpersuasive. Ora asserts prejudice because he had limited time to prepare an opposition given trial preparation obligations and claims he could not simply re-file his prior opposition because allegedly "substantial" updates to it, which Ora entirely declines to specify, were necessary to account for (again) unspecified case developments. "[P]rejudice is not presumed and the burden is on the appealing party to demonstrate that prejudice has occurred."

10

totality of circumstances thus supports that the trial court did not abuse its discretion in concluding there was good cause to set the summary judgment hearing when it did.

Because the court implicitly found good cause before permitting Defendants to notice their summary judgment motion for less than 30 days before trial, we find Ora's reliance on *Robinson* inapposite. In *Robinson*, the defendants noticed their summary judgment motion within 30 days of the trial date *without* first obtaining permission from the trial court. (*Robinson v. Woods*, *supra*, 168 Cal.App.4th at p. 1259.) The defendants also failed to give the requisite 75-day notice prior to the hearing. (*Id*. at p. 1260.) Because the motion was procedurally improper, the plaintiffs filed an opposition objecting only to the improper notice and not arguing the merits. (*Id*. at p. 1267.) The trial court moved the hearing date back a few days to attempt addressing the 75-day issue. (*Id*. at p. 1261.) The trial court waited until that continued hearing to find good cause for hearing the motion less than 30 days before trial, which meant the plaintiffs "had *no* time to prepare an opposition on the merits after the court granted the defendants' request." (*Id*. at p. 1268.) The court then granted summary judgment based on the lack of opposition on the merits—a sequence of events we held was a "due process violation and abuse of discretion." (*Ibid*.)

Such concerns are simply not present here. There is no dispute Defendants complied with the 75-day notice requirement

---

(*Adams v. MHC Colony Park, L.P*. (2014) 224 Cal.App.4th 610, 614.) Ora's conclusory statements lack both specifics and record support, and thus do not demonstrate prejudice, much less the degree of prejudice necessary to establish the court's scheduling of the summary judgment hearing was an abuse of discretion.

11

in section 437c, subdivision (a)(2) including required additional days for Ora being served by overnight delivery. As explained above, the trial court implicitly found good cause under section 437c(a)(3) and specially set the hearing date *before* it permitted Defendants to re-file their summary judgment motion. Despite proper notice, Ora objected only to the purported lack of a good cause finding and did not oppose the motion on the merits. Ora had in excess of the full statutory 75-day period to prepare an opposition on the merits; indeed, he had previously prepared one to a substantively identical defense motion. The denial of due process and abuse of discretion that occurred in *Robinson* did not occur here.[5] Ora was not deprived of an opportunity to respond; he made a tactical decision not to do so despite a summary judgment scheduling order that complied with section 437c(a)(3).

---

[5] Ora's reference to an April 2, 2021 unpublished superior court minute order in *Exact Staff, Inv. v. Peking Noodle Co.*, case No. 19STCV38680, is not citable authority we consider. (Cal. Rules of Court, rule 8.1115.) In any event, it is factually distinguishable for the same reason as *Robinson*, namely that the party moving for summary judgment in *Exact Staff* did not seek court permission before setting its summary judgment motion for hearing less than 30 days before trial.

## DISPOSTION

The judgment is affirmed.  Defendants are awarded their costs on appeal.

NOT TO BE PUBLISHED.

WEINGART, J.

We concur:

ROTHSCHILD, P. J.

CHANEY, J.