[Civ. No. 52998. First Dist., Div. Two. Dec. 30, 1981.]

CHARLES A. DUGGAN, Petitioner, v.
THE SUPERIOR COURT OF NAPA COUNTY, Respondent;
JOHN HASSO et al., Real Parties in Interest.

**COUNSEL**

Dexter R. Jacobson for Petitioner.

No appearance for Respondent.

Herbert W. Walker and Dickenson, Peatman & Fogarty for Real Parties in Interest.

---

OPINION

ROUSE, Acting P. J.—Petitioner is plaintiff in an action for dissolution and accounting of partnership assets and for compensatory and punitive damages for fraud. He seeks a writ of prohibition to prevent respondent from enforcing its order compelling the deposition of petitioner's spouse Wilma, despite assertion of the marital privilege authorized by sections 970[1] and 971[2] of the Evidence Code.[3] Petitioner contends that the order violates the marital privilege.[4] We agree.

The question presented is whether the action brought by petitioner, which seeks to establish a 15 percent ownership interest in 7 parcels of real property acquired on behalf of the partnership and held of record by real parties in interest, defendants in the action, is prosecuted for the "immediate benefit" of petitioner's spouse.

The privilege for marital communications is contained in section 980, which provides: "Subject to Section 912 and except as otherwise provided in this article, a spouse . . . whether or not a party, has a privilege during the marital relationship and afterwards to refuse to disclose, and to prevent another from disclosing, a communication if he claims the privilege and the communication was made in confidence between him and the other spouse while they were husband and wife."

---

[1]Section 970 provides: "Except as otherwise provided by statute, a married person has a privilege not to testify against his spouse in any proceeding."

[2]Section 971 provides: "Except as otherwise provided by statute, a married person whose spouse is a party to a proceeding has a privilege not to be called as a witness by an adverse party to that proceeding without the prior express consent of the spouse having the privilege under this section unless the party calling the spouse does so in good faith without knowledge of the marital relationship."

[3]Unless otherwise indicated, all subsequent code references are to the Evidence Code.

[4]The use of a prerogative writ in a case such as this is proper. (*Roberts* v. *Superior Court* (1973) 9 Cal.3d 330, 336 [107 Cal.Rptr. 309, 508 P.2d 309].)

There is no claim of waiver of the privilege under the provisions of section 912, subdivision (b).[5] In granting the motion, respondent court accepted the argument of real parties that the exception contained in section 973, subdivision (b), applied. That section provides: "There is no privilege under this article in a civil proceeding brought or defended by a married person for the immediate benefit of his spouse or of himself and his spouse."

Petitioner and real parties offer conflicting views of the Legislature's intent in enacting subdivision (b) of section 973. Petitioner asserts that the statutory exception is a codification of the doctrine of waiver formulated in prior case law; real parties suggest that the section creates a more expansive exception to the marital privilege.

The legislative history and authority cited by petitioner are persuasive. The Legislative Committee comment to section 973, subdivision (b), states: "It recognizes a doctrine of waiver that has been developed in the California cases." ■ Under established rules of statutory construction, "it is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication." (*County of Los Angeles* v. *Frisbie* (1942) 19 Cal.2d 634, 644 [122 P.2d 526]; *Palmer* v. *Agee* (1978) 87 Cal.App.3d 377, 383 [150 Cal.Rptr. 841].) Neither express declaration nor necessary implication having been established by real parties, the principles of law existing at the time of the enactment of the statute still stand.

■ In light of the foregoing, we respond to the question whether a spouse who is not named as a party to the action, nor as a signatory to the partnership agreement at issue, nor as record holder of any of the real property at issue, is a person for whose immediate benefit the action was brought, solely by virtue of a potential community property interest in any recovery which petitioner might obtain.

No cases have construed the meaning of "immediate benefit" within the context of section 973, subdivision (b). However, the phrase is used elsewhere in the Evidence Code and its predecessor statutes. Section 776, for example, provides, in pertinent part: "(a) A party to the record

[5]Section 912, subdivision (b), provides, in pertinent part: "In the case of the privilege provided by Section 980 (privilege for confidential marital communications), a waiver of the right of one spouse to claim the privilege does not affect the right of the other spouse to claim the privilege."

of any civil action, or a person identified with such a party, may be called and examined as if under cross-examination by any adverse party ... [¶] ... (d) For the purpose of this section, a person is identified with a party if he is: [¶] (1) A person for whose immediate benefit the action is prosecuted or defended by the party." The predecessor to that section was section 2055 of the Code of Civil Procedure. The phrase "immediate benefit," as found in the predecessor, was interpreted in *Freeman* v. *Jergins* (1954) 125 Cal.App.2d 536 [271 P.2d 210]. In that case, defendant attempted to examine a person named Troutman as if under cross-examination. Plaintiff objected to the attempt on the ground that Troutman was not a person for whose immediate benefit the action was prosecuted. The trial court sustained the objection. The court upheld the lower court's action and stated: "... Troutman, having stood by and acquiesced in everything that plaintiff did, could in no event have a claim for more than one-half of whatever plaintiff might receive, and this claim, as we say, would be against plaintiff rather than defendants. [¶] ... Since the rights of Troutman were limited as above set forth and he had no claim upon defendants, the court properly held that he was not a party for whose immediate benefit the action was prosecuted .... The action was not for the enforcement of any claim of Troutman against the defendants." (*Id.*, at p. 559.) The court found that, although plaintiff's action would benefit Troutman because of his claim against the plaintiff, the action was not prosecuted for Troutman's immediate benefit. The case at bar presents a similar situation. Petitioner's wife would benefit from any recovery petitioner might obtain, not because of any right which she has against real parties directly but because of community property rights in relation to petitioner.

Two cases have interpreted the same phrase contained in section 2019 of the Code of Civil Procedure. In *Waters* v. *Superior Court* (1962) 58 Cal.2d 885 [27 Cal.Rptr. 153, 377 P.2d 265], the California Supreme Court ruled as follows: "In this context the phrase 'person for whose immediate benefit an action is prosecuted' has been held to mean a person who would have an immediate right to the amount recovered or some portion of it as soon as it was recovered by the *nominal* plaintiff. [Citations.] [¶] Similarly in an action defended for the immediate benefit of a person, the liability must be immediate *and direct*. [Citation.] The liability of a shareholder or a shareholder's right to corporate funds does not become direct merely because he is the sole shareholder." (*Id.*, at p. 897; italics added.) Invoking the *Waters* rationale, the court in *Southern California Edison Co.* v. *Superior Court* (1972) 7 Cal.3d 832 [103 Cal.Rptr. 709, 500 P.2d 621], ruled that members of

a class not named as plaintiffs in a class suit were persons for whose immediate benefit the suit was filed. These cases appear to limit the application of "immediate benefit" to persons who are represented by a nominal plaintiff or defendant (as where a corporation serves as the alter ego of its sole shareholder) or who themselves have the right to act or defend against the adverse party on the issues involved. Otherwise, the right to a portion of the recovery is not immediate and direct.

In addition, section 15025, subdivision (2)(e), of the Corporations Code provides that "A partner's right in specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin, and is *not community property.*" (Italics added.)

■ The Legislature is presumed to have knowledge of existing judicial decisions construing words in analogous statutes and to have enacted a new statute in light thereof. (*Estate of Hoegler* (1978) 82 Cal.App.3d 483, 489 [147 Cal.Rptr. 289].) ■ In this case, petitioner was a partner in a real estate venture. We conclude that, under the authority heretofore set forth, petitioner's spouse has no present, immediate, or direct interest in the property constituting the partnership assets. Any claim to a community property interest in the partnership would be against petitioner rather than real parties, and under the showing made here, the action is not being prosecuted for the immediate benefit of the person whose deposition is sought.

Let a peremptory writ of prohibition issue to prevent respondent superior court from enforcing its order compelling the deposition of petitioner's spouse.

Miller, J., and Smith, J., concurred.