[Civ. No. 21224. Third Dist. July 29, 1982.]

HAROLD E. HAND, JR., Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY,
Respondent;
GERRY L. BOLES, Real Party in Interest.

**COUNSEL**

Diehl, Steinheimer, Riggio, Haydel & Mordaunt and Joseph W. Diehl for Petitioner.

No appearance for Respondent.

Crow, Lytle, Gilwee, Donoghue, Adler & Weninger and Gerald J. Adler for Real Party in Interest.

**OPINION**

**BLEASE, J.**—At issue in this mandamus proceeding is whether the spouse of the plaintiff in a personal injury action may be deposed as a person for whose "immediate benefit" the action is brought by virtue of

her community property interest in any damages to be recovered. We will issue the writ.

## I

Gerry L. Boles sued Harold E. Hand, Jr., M.D., an ophthalmologist, for malpractice. Hand sought to depose Boles' wife and gave notice of the deposition to her husband's attorney. He responded that he "[did] not intend to have Mrs. Boles testify" because of the spousal privilege of Evidence Code section 970.[1] Hand sought a court order compelling the wife's attendance at the deposition. The court found the spousal privilege applicable and denied the motion.

## II

Boles treats this case as tendering the spousal privilege not to testify against a spouse in any proceeding. (Evid. Code, §§ 970,[2] 971.[3]) Hand asserts the exception to the privilege contained in Evidence Code section 973, subdivision (b), for "a civil proceeding brought . . . by a married person for the *immediate benefit* of his spouse or of himself and his spouse." (Italics added.) (Evid. Code, § 973, subd. (b).[4]) We are, however, a procedural step removed from the spousal privilege. The question of spousal privilege is not tendered until the spouse having the privilege is properly noticed for a deposition and interposes the privilege. It then must be determined as a preliminary fact. (Evid. Code, § 405.) Here, the wife, whose privilege would be at issue, has not asserted it and her husband may not assert the privilege on her behalf. (Evid. Code, § 971; see also *Abar* v. *Rogers* (1981) 124 Cal.App.3d 862 [177

[1]The letter read: "I do not intend to have Mrs. Boles testify in this action. You will be advised if this intention changes. [¶] Please advise why you believe that Evidence Code Sections 970 and 971 are not applicable. Unless you can tell me why the spousal privilege is not applicable, I shall not produce Mrs. Boles. [¶] You are further advised that if you subpoena her and a motion to quash becomes necessary, I shall seek costs, attorneys fees, and sanctions against your client and yourself."

[2]Evidence Code section 970 provides: "Except as otherwise provided by statute, a married person has a privilege not to testify against his spouse in any proceeding."

[3]Section 971 provides: "Except as otherwise provided by statute, a married person whose spouse is a party to a proceeding has a privilege not to be called as a witness by an adverse party to that proceeding without the prior express consent of the spouse having the privilege under this section unless the party calling the spouse does so in good faith without knowledge of the marital relationship."

[4]Section 973, subdivision (b), provides: "There is no privilege under this article in a civil proceeding brought or defended by a married person for the immediate benefit of his spouse or of himself and his spouse."

Cal.Rptr. 655].) Rather, this is a case arising under Code of Civil Procedure section 2019, subdivision (a)(4), which permits service of a notice of deposition of "a person for whose *immediate benefit* an action or proceeding is prosecuted" upon the attorney for the plaintiff. (Italics added.) (See *Southern California Edison Co.* v. *Superior Court* (1972) 7 Cal.3d 832 [103 Cal.Rptr. 709, 500 P.2d 621].) Here, the husband's attorney refused to produce the wife and may do so if she is not an immediate beneficiary of the action. The procedural misstep occurred no doubt because the exception to the spousal privilege is measured by the same "immediate benefit" test as the notice provision of Code of Civil Procedure section 2019, subdivision (a)(4).

## III

We turn to the question whether the husband's personal injury action is a proceeding for the "immediate benefit" of the wife. We conclude that it is.

The leading case of *Waters* v. *Superior Court* (1962) 58 Cal.2d 885, 897 [27 Cal.Rptr. 153, 377 P.2d 265], interpreting Code of Civil Procedure section 2019, subdivision (a)(4), says that "'immediate benefit'" means "an immediate right to the amount recovered or some portion of it as soon as it was recovered by the nominal plaintiff." (Italics added.) (Accord, *Southern California Edison Co.* v. *Superior Court, supra,* 7 Cal.3d at p. 839 ["There is probably no better way to construe 'immediate benefit' than as an immediate share in the recovery."]; see also *Freeman* v. *Jergins* (1954) 125 Cal.App.2d 536 [271 P.2d 210] [interpreting the phrase in then Code Civ. Proc., § 2055 (now Evid. Code, § 776, subd. (d)(1))].)

Before 1957, both the spouse's cause of action and any damages recovered were community property. (7 Witkin, Summary of Cal. Law (8th ed. 1974) Community Property, § 13, pp. 5104-5106; *Rothschild* v. *Superior Court* (1930) 109 Cal.App. 345, 347 [293 P. 106].) In *Rothschild* the court said that in a husband's personal injury action, a wife was a "'person for whose immediate benefit'" the matter was prosecuted because "any recovery for personal injuries to either spouse sustained during coverture as well as the chose in action to enforce recovery is community property." (*Id.,* at p. 347.)[5] It ruled, however, that

---

[5]The court interpreted former Code of Civil Procedure section 2021 (now Code Civ. Proc., § 2016, subd. (d)(2)), which provided that a party could depose a "person for whose immediate benefit" the action was prosecuted.

the wife could exercise the privilege (former Code Civ. Proc., § 1881, subd. (1), the predecessor to Evid. Code, § 970) because the law provided no exception to the privilege for an action involving community interests. The exception was provided in 1965, with the enactment of Evidence Code section 973, subdivision (b). (*Ante*, fn. 4.) But by then a personal injury cause of action and any resulting damages had become separate property. (Former Civ. Code, § 163.5 [added by Stats. 1957, ch. 2334, § 1, p. 4066]; 7 Witkin, Summary of Cal. Law, *supra*, Community Property, § 14, pp. 5106-5107.)[6]

The law changed again in 1968 following a study and recommendations by the California Law Revision Commission. (See Law Revision Commission's Recommendation Relating to Damages for Personal Injuries to a Married Person as Separate or Community Property, 8 Cal. Law Revision Com. Rep. (1967) p. 1389 et seq. [hereafter Law Revision Report]; see also Reppy, *The Effect of the Adoption of Comparative Negligence on California Community Property Law: Has Imputed Negligence Been Revived?* (1977) 28 Hastings L.J. 1359, 1362-1375, 1382-1396.) The separate property status of personal injury damages was repealed and replaced by a complex treatment. (Stats. 1969, ch. 1608; compare p. 3312 with p. 3333.) In general, personal injury damages, save from interspousal actions, received during marriage were made community property, but amounts received after separation or dissolution became separate property. (See *In re Marriage of Jones* (1975) 13 Cal.3d 457, 463 [119 Cal.Rptr. 108, 531 P.2d 420]; see also Stats. 1969, ch. 1608, § 4800, pp. 3333-3334; § 5109, pp. 3338-3339; § 5112, pp. 3339-3340; and § 5117, p. 3340; Law Revision Report, at p. 1401.) Upon separation or dissolution of the marriage, however, the community property personal injury damages were required to be "assigned" to the spouse "who suffered the injuries" unless "the court determine[d] that the interest of justice requires other disposition" or the proceeds were commingled with other community property.[7]

---

[6]The comment to Evidence Code section 973, subdivision (b), said: "This subdivision precludes married persons from taking unfair advantage of their marital status to escape their duty to give testimony under Section 776, which supersedes Code of Civil Procedure section 2055. It recognizes a doctrine of waiver that has been developed in the California cases. . . . (It should be noted that, with respect to damages for personal injuries, Civil Code Section 163.5 . . . provides that all damages awarded to a married person in a civil action for personal injuries are the separate property of such married person.) . . ."

[7]The commission explained the purpose of the provision as follows: "Although earnings from personal services often are the chief source of the community property, Civil Code Section 163.5 makes personal injury damages for the loss of earnings the separate

These provisions are retained in the Civil Code. Interspousal personal injury recoveries are the separate property of the injured spouse. (§ 5126.) In general, all *other* property acquired during the marriage by a spouse domiciled in the state is community property. (§ 5110.) Personal injury damages received or to be received from a cause of action arising *after* dissolution or separation are the separate property of the injured spouse. (§ 5126.) By implication, damages received or to be received from a cause of action arising during marriage are community property. Upon dissolution or separation such damages, entitled "community property personal injury damages," are required to be "assigned" to the injured spouse unless "commingled with *other* community property" or divided by the court. (Italics added.) (§ 4800, subd. (c).) The amendments to the latter two sections (Stats. 1979, ch. 638, § 1, p. 1970; § 3, p. 1971), presumably made in response to *In re Marriage of Pinto* (1972) 28 Cal.App.3d 86 [104 P.2d 371], make clear that damages "to be received" from a "cause of action" arising during marriage, i.e., unliquidated claims, are community property. (See also *ante*, fn. 7.) Although such claims and recoveries are subject to assign-

property of the injured spouse. As separate property, such damages are not subject to division on divorce or separate maintenance. This inflexible rule seems especially unjust in its application to cases in which a substantial portion of the damages was awarded to compensate the victim for lost earnings that would have been received during the period of the marriage prior to the divorce or separate maintenance action. These cannot be divided between the spouses even though the earnings themselves would have been subject to division.

"On the other hand, enactment of legislation that would again make personal injury damages community property would make the award subject to division even though a substantial portion of the award represents the loss of earnings that would be received after the judgment of divorce or separate maintenance. This aspect of the Commission's previous recommendation caused it to be rejected by the Assembly because, under that recommendation, personal injury damages could have been apportioned between the spouses in a divorce action brought shortly after the damages were recovered. The Assembly concluded that it would be undesirable to create the. possibility that a court might award one spouse a share of the damages recovered by the other spouse under these circumstances.

"To overcome this problem, and because of the generally unique nature of property received as personal injury damages, the Commission recommends enactment of a special provision governing disposition of such property on divorce or separate maintenance. Even though such property should be made community property, all of it should be awarded to the spouse who suffered the injury unless the court determines from all of the facts of the particular case that justice requires a division. The decision whether a division is required should be made without regard to which spouse is granted the divorce or separate maintenance. Because of the variety of situations, the special provision should not undertake to provide exact rules for determining whether to make a division and, if so, what division to make. Rather, the statute should require the court to take into account the economic conditions and needs of the parties, the time elapsed since the damages were recovered, and any other pertinent facts in the case." (Law Revision Report, at pp. 1392-1393.)

ment to the injured spouse upon dissolution or separation, in the absence of that contingency the noninjured spouse retains a present interest.

■ Accordingly, the determination whether community property personal injury damages are for the "immediate benefit" of the noninjured spouse turns upon the status of the marriage. If, as here, at the time that spousal testimony is sought, the marriage is intact, unliquidated claims for community property personal injury damages are community property in which the noninjured spouse has a present interest and entitlement to a share of the proceeds when recovered. They are for his or her "immediate benefit." (See *Rothschild* v. *Superior Court, supra*, 109 Cal.App. at p. 347.) Consequently, the noninjured spouse is subject to deposition by notice upon the plaintiff spouse (Code Civ. Proc., § 2019, subd. (a)(4)) and may not interpose the spousal privilege. (Evid. Code, § 973, subd. (b).)

Let a peremptory writ of mandate issue compelling the trial court to vacate its order denying petitioner's motion for issuance of a subpoena compelling attendance of real party in interest at the deposition and to enter a contrary order directing issuance of the subpoena. The order to show cause is discharged.

Evans, Acting P. J., and Carr, J., concurred.