[No. A132749. First Dist., Div. Three. July 31, 2012.]

CLAIRE LOUISE DIEPENBROCK, Plaintiff and Appellant, v.
KYLE BROWN, Defendant;
DEREK BROWN et al., Movants and Respondents;
WILLIAM L. VEEN et al., Objectors and Appellants.

COUNSEL

The Veen Firm, William L. Veen, Anthony L. Label and Jeremy Cloyd for Plaintiff and Appellant and for Objectors and Appellants.

No appearance for Respondent.

Graham & Associates and Bruce N. Graham for Movants and Respondents.

OPINION

**POLLAK, Acting P. J.**—Plaintiff Claire Louise Diepenbrock and her attorney William L. Veen and the Veen Law Firm, P.C. (collectively Veen), appeal a judgment imposing $5,000 in sanctions against Diepenbrock and Veen for opposing a motion for a protective order by Derek Brown, a deponent in Diepenbrock's personal injury action against Derek Brown's wife, Kyle Brown.[1] We conclude that although plaintiff's position was rejected on the merits, there was substantial justification for the opposition and therefore that the sanctions were wrongly imposed.

## Background

Diepenbrock, represented by Veen, brought this negligence action against Kyle and others for serious personal injuries she suffered when struck on her bicycle by a car driven by Kyle. After Kyle pleaded guilty in separate criminal proceedings to the felony of driving under the influence of a prescription medication, thus causing Diepenbrock's injuries, Diepenbrock was permitted to amend her complaint to add a claim for attorney fees under Code of Civil Procedure section 1021.4 (actions arising from the commission of a felony), and the court granted her motion permitting financial discovery upon a showing that there was a substantial probability of prevailing on her claim for punitive damages (Civ. Code, § 3295, subd. (c)).

Diepenbrock noticed Derek's deposition pursuant to a subpoena and requested production of, among other things, documents relating to the Browns' financial condition. Derek appeared at the deposition and answered some questions. However, the deposition was adjourned after the attorneys

---

[1] We refer to Derek and Kyle Brown by their first names to avoid confusion.

could not reach an agreement regarding the scope and applicability of the marital privilege. Derek asserted the marital privilege and refused to answer such questions as whether the vehicle involved in the accident was purchased with community assets, whether he had any concerns about his wife driving because of her existing medical conditions, and whether he ever discussed with his wife that she was abusing prescription medication.

Diepenbrock filed a motion to compel Derek to answer the disputed questions. In response, Derek sought a protective order precluding his further examination on the ground that the information is protected by the marital privilege. Both motions sought sanctions against the opposing party. Following a hearing, the court granted Derek's request for a protective order and entered a judgment awarding sanctions against Diepenbrock and Veen in favor of Derek and his attorney, Bruce Graham. Diepenbrock and Veen filed a timely notice of appeal.

## Discussion

### 1. *The judgment is appealable.*

Although ordinarily an order or judgment imposing sanctions in an amount of $5,000 or less is not appealable until entry of a final judgment in the action (Code Civ. Proc., § 904.1, subd. (b)), the present judgment is appealable as a final judgment on a collateral matter because it finally resolves all issues between appellants and Derek and Graham, who are not parties to the underlying litigation. (See, e.g., *Person v. Farmers Ins. Group of Companies* (1997) 52 Cal.App.4th 813, 815 [61 Cal.Rptr.2d 30] [order requiring nonparty to comply with a deposition subpoena and to pay sanctions is appealable]; *Brun v. Bailey* (1994) 27 Cal.App.4th 641, 648–651 [32 Cal.Rptr.2d 624] [denial of a protective order seeking payment of an expert witness fee is appealable by nonparty]; superseded by statute as stated in *Consumer Cause, Inc. v. Mrs. Gooch's Natural Food Markets, Inc.* (2005) 127 Cal.App.4th 387, 396, fn. 7 [25 Cal.Rptr.3d 514]; *Barton v. Ahmanson Developments, Inc.* (1993) 17 Cal.App.4th 1358 [22 Cal.Rptr.2d 56] [order imposing sanctions against plaintiff's former attorney is appealable]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 9:1291, p. 9(III)-47 (rev. # 1, 2012) ["The statutes limiting the right to appeal do *not* apply to sanctions against nonparty witnesses [citations]. A sanction against someone who is neither a party nor counsel in the action is treated as a final judgment on a collateral matter, and hence immediately

appealable."].) In the present action, although Diepenbrock and her attorney are still litigating the underlying action against Kyle, Derek is not a party to that litigation. Appellants challenge only the sanction award, not the underlying discovery ruling. Accordingly, resolving the dispute at this time will not interfere with the orderly administration of the underlying trial or give rise to numerous unnecessary interim appeals.

## 2. *The sanction order must be reversed.*

■ Brown moved for sanctions under Code of Civil Procedure section 2023.030, subdivision (a), which provides, "If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." Code of Civil Procedure section 2025.420, subdivision (d) requires imposition of a monetary sanction "against any party, person, or attorney who unsuccessfully makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust." ■ In *Doe v. U.S. Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1434 [133 Cal.Rptr.3d 465], the court held that "substantial justification" as used in the above statutes means a justification that is "well grounded in both law and fact." (See *Union Mut. Life Ins. Co. v. Superior Court* (1978) 80 Cal.App.3d 1, 15 [145 Cal.Rptr. 316] [Party seeking discovery sanctions "must demonstrate that the opposing party's objections were insubstantial, were interposed for purposes of delay or harassment, or were otherwise unreasonable."]; Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra,* ¶ 8:846, p. 8E-152 (rev. # 1, 2012) ["to avoid sanctions the deponent must show 'substantial justification' for his or her refusal to answer the deposition question; e.g., reasonable grounds to believe the objection was valid when made and that opposition to the motion to compel therefore was justified"].) We review the trial court's sanction order for an abuse of discretion. (*Argaman v. Ratan* (1999) 73 Cal.App.4th 1173, 1176 [86 Cal.Rptr.2d 917].)

Plaintiff opposed Derek's request for a protective order on the ground that the marital privilege did not apply because in defending against plaintiff's claim for compensatory and punitive damages, Kyle was seeking to preserve community assets and therefore was acting for the benefit of both spouses jointly. Veen argues that even if his argument was ultimately rejected by the court, sanctions were improper because the law regarding this issue is

unsettled and his argument was based on available authority, so that plaintiff's position was not unreasonable. We agree.

■ Evidence Code section 973, subdivision (b) precludes a married person from asserting the marital privilege in a civil proceeding which he or she brings or defends for the "immediate benefit" of his or her spouse or of both spouses jointly.[2] In an action defended for the "immediate benefit" of a spouse, "the liability must be immediate and direct" for the waiver to apply. (*Waters v. Superior Court* (1962) 58 Cal.2d 885, 897 [27 Cal.Rptr. 153, 377 P.2d 265].) As recognized by the Rutter guide, "there is conflicting authority on how this 'immediate benefit' test should be applied . . ." in cases involving a benefit to the spouses' community property interest. (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2011) ¶ 8:2342, p. 8E-108 (rev. # 1, 2002) (hereafter guide).) According to the guide, under the first view, the "immediate benefit" condition is arguably satisfied "where the proceeds of a lawsuit brought by a married person would be community property; or, conversely, where the spouses' community property is at risk in a lawsuit brought against a married person." (Guide, ¶ 8:2343, pp. 8E-108 to 8E-109 (rev. # 1, 2002).) The guide explains, "This is the view taken by at least one court in connection with a spouse's suit for personal injury damages: [¶] Personal injury damages recoveries are generally community property if the cause of action arose during marriage (Fam.C. § 780); thus, in a married person's suit to recover damages for personal injuries sustained during marriage, the noninjured spouse has a *direct interest* in the outcome and the privilege is waived." (Guide, ¶ 8:2344, p. 8E-109 (rev. # 1, 2002), citing *Hand v. Superior Court* (1982) 134 Cal.App.3d 436, 442 [184 Cal.Rptr. 588].) Under the alternative view, however, "an 'immediate benefit' waiver is triggered only if the married person would obtain a benefit from his or her spouse's litigation because of a *right* which the married person *holds directly* and not simply because of a potential community property interest in any recovery the spouse might obtain." (Guide, ¶ 8:2345, p. 8E-109 (rev. # 1, 2002), citing *Duggan v. Superior Court* (1981) 127 Cal.App.3d 267, 270–272 [179 Cal.Rptr. 410].) Ultimately the guide advises, "Even assuming a potential community property interest may trigger an 'immediate benefit' waiver (per *Hand,* supra[, 134 Cal.App.3d 436]), the matter is further complicated by the fact community property interests are often difficult to ascertain (indeed, the marital property statutes are so frequently amended that it is often difficult

---

[2] Evidence Code section 973, subdivision (b) provides: "There is no privilege under this article in a civil proceeding brought or defended by a married person for the immediate benefit of his spouse or of himself and his spouse."

to predict the outcome with accuracy). Consequently, *play it safe!* To avoid a waiver by testimony [citation], always assert the testimonial privileges where they appear applicable and let the court resolve the issue." (Guide, ¶ 8:2347, pp. 8E-110 to 8E-111 (rev. # 1, 2002).)

In opposition to the protective order, Veen cited and relied on *Hand v. Superior Court, supra*, 134 Cal.App.3d 436, arguing that "Just as the wife in *Hand* was an immediate beneficiary of the suit 'brought by' her husband, Derek Brown is an immediate beneficiary in this action 'defended by' his wife." Veen acknowledged the contrary authority cited by respondents, *Duggan v. Superior Court, supra*, 127 Cal.App.3d at page 272, and attempted to distinguish it. At the hearing on sanctions, Veen relied heavily on the guide to defend his position: "What I am saying is this, this is why we have courts, this is why we have judges. This is a disputed area. I can understand why you would lay sanctions on people for bringing in indefensible situations to court, where there is no question. . . . [¶] . . . [¶] . . . But it's reasonable to put it to you, the judge, to make that decision because we are looking at an area where there is a statute, we are looking at an area where there is Rutter Group authority in both directions. How can it be said that by doing what we're doing we are somehow acting unreasonably?" The court observed, "I am sure that plaintiff firmly believed that there was an argument [that the privilege was waived], but to me the privilege under 970 is clear and so that was the reason for the sanctions."

Under these circumstances, we agree that the sanction order was in error. *Union Mut. Life Ins. Co. v. Superior Court, supra*, 80 Cal.App.3d at page 15 is instructive. In that case, the parties engaged in a dispute regarding the proper scope of discovery in a potential national class action lawsuit. The superior court granted the plaintiff's motion to compel answers to interrogatories and imposed a monetary sanction for the defendant's refusal to answer. On appeal, the court modified the scope of the discovery order and reversed the sanction award. The court recognized that the legal standards governing national class actions in state courts were not clearly established at that time so that the defendant was not "without substantial justification" for opposing the plaintiff's motion to compel. (*Ibid.* ["Due to the rather novel questions presented in this case, it would seem that when tested against these rules the $300 expense sanction was improper."].) Similarly, in the present case, while the court may properly have rejected plaintiff's contention concerning the scope of the exception to the marital privilege, the conflicting legal authority on an unsettled issue provided substantial justification for appellants' position, negating the basis for the sanction order.

## Disposition

The judgment imposing sanctions is reversed. Appellants shall recover their costs on appeal.

Siggins, J., and Jenkins, J., concurred.

Respondents' petition for review by the Supreme Court was denied November 20, 2012, S205748.