Filed 10/5/21  Mason v. YD Window CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| MIRANDA MASON et al.,<br><br>       Plaintiffs and Appellants,<br><br>v.<br><br>YD WINDOW, INC., et al.,<br><br>       Defendants and Respondents. | C091415<br><br>(Super. Ct. No. STKCVUWT20180008764) |

Plaintiffs Miranda Mason et al. appeal the trial court's orders (1) imposing monetary discovery sanctions of $9,087.55 on their attorney, Michael Bracamontes, and (2) denying a motion for relief from those sanctions.  Plaintiffs contend the sanctions are improper.  We agree, and reverse.

**BACKGROUND**

The facts of the underlying litigation are largely immaterial to this appeal.  It suffices to say that during a March 2019 deposition in San Francisco that occurred in the

discovery phase of this civil action, a disagreement arose whether the deponent had an obligation to answer a question posed by Bracamontes.  Defense counsel instructed the deponent not to answer the question.  Bracamontes decided to suspend the deposition to seek the trial court's resolution of the dispute despite defense counsel's "suggest[ion] that [he] ask all of the questions that [he was] able to ask . . . before . . . suspend[ing] this deposition."  "If you don't do that, we will ask for sanctions," defense counsel said.  "You know I traveled up here from Southern California."

Bracamontes replied:  "I'm comfortable, if we have to suspend today, that I'm not going to be the one to get sanctioned, you and your client are.  [¶]  These are very foundational questions.  This is an employment lawsuit.  I'm asking [the deponent] what his job duties are."

In April 2019, plaintiffs filed a motion to compel the deponent's testimony and seeking monetary sanctions, arguing "[d]efense counsel had zero basis in law for refusing to allow the [deponent] to answer" the question posed, and that provisions of the Civil Discovery Act (Code Civ. Proc., § 2016.010 et. seq.)[1] "provide[ ] that if a deponent fails to answer a deposition question the examiner may either complete the examination on other matters or adjourn the deposition."  Defendants opposed the motion, arguing Bracamontes should have "complete[d] the examination of other matters," the "objections were proper," and plaintiffs "and/or" Bracamontes should be sanctioned for bringing the motion "without substantial justification."

The trial court appointed a referee to resolve the dispute and other discovery matters not at issue here.

---

[1]      Undesignated statutory references are to the Code of Civil Procedure.

*Referee's Ruling*

In a September 2019 written ruling, the referee recommended the trial court "overrule all objections raised in the course" of the deposition, "and grant [p]laintiffs' motion for [an] order compelling the deponent to answer" plaintiffs' questions. The referee explained that defense counsel's objections at the deposition were not well-founded and that "[t]here [was] support in the transcript [of the deposition] for [p]laintiffs' contention that [defense counsel] precipitated the suspension" of the deposition "by means of interruptions, objections without merit, and similar obstreperous behavior."

Turning to the issue of the suspension of the deposition, the referee concluded that Bracamontes was "too quick to suspend the deposition," observing that -- while section 2025.460, subdivision (e) "appears to give" the deposing party "a choice" "[w]hen a deponent fails to answer a question," to "either (1) complete the deposition on other matters and subsequently bring a motion to compel . . . or (2) adjourn the deposition and file a motion to compel" -- "[t]he problem" was that "[u]nder the particular circumstances" of the case, the referee could not (in light of the principles and purposes of the Civil Discovery Act) "justify or excuse [p]laintiffs' decision to suspend the deposition" so soon after it started and due to a "disagreement over a single line of (non-critical/preliminary) questioning." Once defense counsel suggested "the deposition . . . continue on other issues," the referee concluded, "it was incumbent on [p]laintiffs to proceed or at least try to proceed."

Accordingly, "suspend[ing] the deposition . . . was unreasonable under the circumstances. Unintentionally or not, the decision indisputably caused significant annoyance, burden and expense" to the other side. And given a court's "general duty to control the course of discovery to further the purposes of discovery, the [r]eferee recommend[ed] that the [trial] court find that [Bracamontes's] . . . decision to suspend the deposition . . . was unreasonable under the circumstances, caused significant and actual

3

annoyance, burden and expense . . . and constituted a misuse of the discovery process within the meaning of [section] 2023.010." (Fn. omitted.)

As for the parties' requests for monetary sanctions, the referee posited section 2025.480, subdivision (j) as the relevant provision, and quoted its language that " '[t]he court shall impose a monetary sanction . . . against any party, person or attorney, who unsuccessfully makes or opposes a motion to compel an answer . . . unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.' " Under that rubric, the referee recommended the trial court deny plaintiffs' request for monetary sanctions, because " 'other circumstances' "[2] made imposition of a sanction unjust; but recommended granting defendant's request for monetary sanctions -- "as against [p]laintiffs' attorney[ ] only" -- "[b]y the same reasoning."

The referee recommended a monetary sanction of $9,087.55, which included the costs of defense counsel's travel time and attorney fees.

Last, the referee recommended the parties pay the referee's fees on a 75/25 basis due to their "relative fault," noting "there was a degree of provocation from" defense counsel before Bracamontes's unreasonable decision to suspend the deposition.

On September 20, 2019, the trial court "adopted in full" the referee's recommended ruling.

In October 2019, plaintiffs filed a motion for relief from sanctions, maintaining that section 2025.460, subdivision (e) permitted him to suspend the deposition due to the

---

[2]     "(1) that [p]laintiffs' 'meet and confer' efforts were merely *pro forma* and inadequate under the circumstances, (2) that [p]laintiffs' decision to suspend the deposition was unreasonable and inappropriate . . . , (3) that [p]laintiffs in fact caused 'unwarranted annoyance, embarrassment, or oppression, or undue burden and expense' to other litigants within the meaning of [section] 2023.010, [subdivision] (c), and (4) that denial of money sanctions . . . is consistent with a trial court's general duty to control the course of discovery to further the purposes of discovery."

4

deponent's failure to answer a question, but that "[g]iven the [r]eferee's finding that [this] decision . . . was a mistake, said error was excusable" neglect under section 473, subdivision (b).[3]  In a later declaration in support of the motion, plaintiffs attached October 2019 correspondence from the referee to the parties, wherein the referee explained that it had "been thinking about the [r]ecommended [r]uling" and while "comfortable with [its] understanding of the issues, [its] analysis, and conclusions," the referee wanted to "add that I do not believe that . . . Bracamontes intended to 'play games' with discovery or meant to cause any degree of harm to [d]efendants.  I believe also that . . . Bracamontes was convinced that suspension of [the] deposition was both permitted by the rules and justifiable under the circumstances."

In a December 3, 2019 tentative ruling, the trial court denied relief from the monetary discovery sanctions but granted relief as to the allocation of referee fees, ordering the fees be split evenly between the parties.  On December 30, 2019, the trial court adopted as final that tentative ruling, and ordered Bracamontes to pay sanctions to defendant's attorney of record.

Plaintiffs timely appealed, referencing in their notice of appeal both the order denying the section 473 motion for relief "and the underlying discovery order associated therewith."

**DISCUSSION**

Plaintiffs argue we should reverse the underlying discovery sanctions order and the order denying relief, because imposition of the sanctions was improper.  Specifically, they contend section 2025.460, subdivision (e) permitted Bracamontes to suspend the

---

**3**    Which provides, in relevant part:  "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

March 2019 deposition, and that in any event he "acted with substantial justification when he suspended" the deposition, given the "express language of the statute" and the absence of any authority interpreting the statute "to require consideration of other factors prior to the adjournment of the deposition."

Defendants argue the monetary discovery sanction was proper, because "even if . . . Bracamontes . . . did have the 'absolute right' to suspend the deposition under [section] 2025.460, [subdivision] (e)," he *misused* the statute under that correct interpretation by "refus[ing] to complete the examination despite [defense] counsel's plea[s]" he "do so." (Italics omitted)

We conclude the trial court committed legal error, thereby abusing its discretion, when it ignored Bracamontes's "substantial justification" for suspending the deposition: the text of section 2025.460, subdivision (e) contains no reasonableness element, and such a proposition was not clearly established at the time. Thus, given the absence of settled legal authority regarding the discovery dispute, Bracamontes's decision -- while perhaps unreasonable and a misuse of the discovery process -- was made with "substantial justification" as contemplated by California's statutory scheme for monetary discovery sanctions.

A. *General Principles*

Section 2025.460, subdivision (e) provides: "If a deponent fails to answer any question . . . the party seeking that answer . . . may adjourn the deposition or complete the examination on other matters without waiving the right at a later time to move for an order compelling that answer or production under Section 2025.480."

Section 2023.010 provides an illustrative list of nine types of "[m]isuses of the discovery process," including subdivision (c): "[e]mploying a discovery method in a manner or to an extent that causes unwarranted annoyance, embarrassment, or oppression, or undue burden and expense."

6

Section 2023.030 permits the trial court to impose monetary sanctions against anyone who has engaged in a misuse of the discovery process. "[S]ection 2023.030, subdivision (a) . . . provides, 'If a monetary sanction is authorized by any provision of this title, the court shall impose that sanction *unless it finds that the one subject to the sanction acted with substantial justification* or that other circumstances make the imposition of the sanction unjust.' . . . In *Doe v. U.S. Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1434, the court held that 'substantial justification' . . . means a justification that is 'well grounded in both law and fact.' " (*Diepenbrock v. Brown* (2012) 208 Cal.App.4th 743, 747, italics added (*Diepenbrock*).)

If the legal standards governing a discovery dispute are "not clearly established at that time," a party may act with substantial justification when taking an adversarial position in the discovery dispute, thereby precluding monetary discovery sanctions. (*Diepenbrock, supra*, 208 Cal.App.4th at p. 749.)

We review the trial court's factual determinations for substantial evidence, and its sanction order for an abuse of discretion. (*Diepenbrock, supra*, 208 Cal.App.4th at p. 747; *Obregon v. Superior Court* (1998) 67 Cal.App.4th 424, 430.)

A decision "influenced by an erroneous understanding of applicable law . . . is an abuse of discretion." (*David v. Hernandez* (2014) 226 Cal.App.4th 578, 592; see *In re Marriage of Wendt & Pullen* (2021) 63 Cal.App.5th 647, 658.)

B.  *Analysis*

Here, the trial court adopted in full the referee's ruling, which consisted of factual determinations supported by substantial evidence and other conclusions that we have no occasion to revisit, including:  (1) defense counsel's objections at the deposition were not well-founded; (2) there was "a degree of provocation from" defense counsel, possibly including obstreperous behavior, that "precipitated" Bracamontes's decision to suspend the deposition; (3) 2025.460, subdivision (e), "appears to give" the deposing party "a choice" when a deponent fails to answer a question -- "either . . . complete the deposition

7

on other matters and subsequently bring a motion to compel . . . or . . . adjourn the deposition and file a motion to compel"; (4) "[u]nder the particular circumstances" of the case, "it was incumbent on" Bracamontes "to proceed or at least try to proceed"; (5) Bracamontes's decision to suspend the deposition "was *unreasonable* under the circumstances, caused significant and actual annoyance, burden and expense . . . and constituted a misuse of the discovery process within the meaning of [section] 2023.010." (Italics added.)

Assuming the trial court correctly determined that Bracamontes acted unreasonably by suspending the deposition (where defense counsel's objections were not well-founded and defense counsel contributed to the inimical dynamic that brought the deposition to a premature halt), section 2025.460, subdivision (e) -- which, the trial court acknowledged, "appear[ed] to give" "a choice" to Bracamontes on the matter -- has no reasonableness requirement, and we found no case so holding.[4]

---

[4] The Legislature could have created a "reasonableness" requirement in section 2025.460, subdivision (e) if it wanted to. The Civil Discovery Act is replete with the word "reasonable" and derivations of it. (See, e.g., §§ 2023.010, subd. (i) [lack of "reasonable and good faith attempt[s] to resolve" discovery dispute informally is a misuse of the discovery process], 2019.030, subd. (a)(1) [court shall restrict discovery if it determines discovery sought "is unreasonably cumulative"], 2020.220, subd. (a) [service of deposition subpoena to be "sufficient time in advance . . . to provide the deponent . . . reasonable time to travel" to the deposition].)

In *Cabamongan v. City of Long Beach* (1989) 208 Cal.App.3d 946, the appellate court reversed the trial court's order, because in exercising its discretion, the trial court erroneously read a reasonableness requirement into the relevant statute. (See *id*. at p. 951 ["The trial court . . . improperly considered plaintiffs' four-month delay," where (i) the relevant statute provided in pertinent part that a " 'petition . . . shall be filed within six months,' " (ii) the statute "ha[d] no reasonableness requirement," and (iii) the appellate court's independent research uncovered "no case implying a reasonableness requirement into th[e] six-month limitation period"].)

Likewise here, the trial court read a reasonableness requirement into section 2025.460, subdivision (e), and our independent research uncovered no case suggesting such a reasonableness requirement.

And because such a reasonableness requirement was not clearly established by statute when Bracamontes suspended the deposition in March 2019, he acted with substantial justification, negating the basis of the monetary sanctions order. (See *Diepenbrock, supra*, 208 Cal.App.4th at p. 749 ["while the court may properly have rejected plaintiff's [discovery] contention . . . an unsettled issue provided substantial justification for [the] position, negating the basis for the sanction order"]; cf. *City of Los Angeles v. Superior Court* (2017) 9 Cal.App.5th 272, 291-292 [because "whether a petitioner in a [California Public Records Act] proceeding has a right to seek discovery" was "an issue of first impression," the city acted with "substantial justification" in opposing a motion to compel, and monetary "discovery sanctions were not appropriate"].)

Accordingly, this legal error by the trial court was an abuse of discretion.[5]

---

[5] Given this conclusion, we need not address the trial court's order denying plaintiffs' section 473 motion for relief. Nor need we address plaintiffs' argument that, under section 2025.480, subdivision (j), sanctions may not be imposed on an attorney that successfully brings a motion to compel.

## DISPOSITION

The order imposing sanctions is reversed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

   /s/
Hoch, J.

We concur:

   /s/
Raye, P. J.

   /s/
Hull, J.